IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT BALDWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV328 |
| | ) | |
| MOSES H. CONE MEMORIAL | ) | |
| HOSPITAL and WESLEY LONG | ) | |
| COMMUNITY HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motion to dismiss (Docket No. 8) filed by Defendants Moses H. Cone Memorial Hospital ("Moses Cone") and Wesley Long Community Hospital ("Wesley Long"). *Pro se* Plaintiff Robert Baldwin has responded in opposition to the motion, and the motion to dismiss is ready for a ruling.

Plaintiff's *pro se* Complaint includes the following Statement of Claim:

> On April 6th 2009 Moses Cone Health Care System sent me a letter stating that a laptop computer was stolen included confidential information about me the files indicate my name, social security number, date of birth, address, and medical information.
>
> The medical information was confidential and has been accessed and went unprotected from The Moses Cone Health Care System the information was on file contain medical treatment regarding cardiac and orthopedic procedure at The Moses H. Cone Memorial Hospital in Guilford County City of Greensboro North Carolina.

(Docket No. 2, Complaint.) For relief, Plaintiff Baldwin seeks $150,000 for emotional pain and $250,000 as punitive damages.

Defendants move to dismiss the Complaint under Rules 12(b)(1), 12(b)(6), 12(b)(7), and 12(h)(3) of the Federal Rules of Civil Procedure. On review, the Court finds that Defendants' Rule 12(b)(1) should be granted since the Court lacks subject-matter jurisdiction over the claims raised in the Complaint. Jurisdiction does not lie under 28 U.S.C. § 1331 since Plaintiff has identified no claim arising under federal law. Although the *pro se* Plaintiff may intend a claim under the Health Insurance Portability and Accountability Act ("HIPAA") (1996), it is apparent that no private right of action exists under the Act. *See* 42 U.S.C. § 1320d-5; 45 C.F.R. § 160.312; *see also* Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82,462, 82,566 (Dec. 28, 2000) (to be codified at 45 C.F.R. pts. 160, 164). The Fourth Circuit has not addressed the matter, but the Fifth Circuit and every district court that has addressed the issue has found no private right of action under HIPAA. *See, e.g., Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006)("[W]e are not alone in our conclusion that Congress did not intend for private enforcement of HIPAA."); *Wells v. Pinion*, Civil Action No. 07-6844, 2008 WL 2185329, at *7 (E.D. La. May 20, 2008) ("HIPAA provides no express or implied private cause of action for its violation, the Fifth Circuit and other courts have consistently rejected any argument to the contrary, as have the legal commentators who have examined the statute.").

Nor does subject-matter jurisdiction lie under 28 U.S.C. § 1332(a), which requires both diversity of citizenship and more than $75,000 in controversy. Plaintiff states in his Complaint that he is a citizen and resident of Guilford County, North Carolina. Both Defendants state that their principal places of business are in Guilford County, North Carolina. Thus, Plaintiff has not shown diversity of citizenship between the parties. Under these circumstances, Plaintiff has not carried his burden to show the existence of jurisdiction in this court.

Accordingly, **IT IS RECOMMENDED** that Defendants' Rule 12(b)(1) motion to dismiss (Docket No. 8) be granted and that this action be dismissed.

/s/ P. Trevor Sharp  
United States Magistrate Judge

Date: July 24, 2009